## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

DUSTIN MILLER,                      )
                                    )
                  Plaintiff,        )
                                    )
vs.                                 )      No.:
                                    )
T & T PRODUCE, INC.,                )
                                    )
                  Defendant.        )

## COMPLAINT

Plaintiff files this Complaint against Defendant for race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (Title VII), and alleges the following.

## Jurisdiction and Parties

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant is foreign corporation that has its principal office at P.O. Box 5756, Fort Oglethorpe, Georgia, 30742-1156.  Its registered agent for service of process in Georgia is Anthony M. Buchanan, 124 Park Industrial Blvd., Ringgold, Georgia, 30736.

3. Defendant stores produce and transports produce to its customers in Georgia and multiple other states.  Defendant has a facility located at 124 Park

Industrial Blvd., Ringgold, Georgia, 30736.

4.  Defendant had more than 15 employees during the years 2024 and 2025.

5.  Plaintiff is a 37-year-old Black male.

## Facts

6.  Plaintiff was employed by Defendant as a delivery driver at its Ringgold facility from approximately January 8, 2025 until May 23, 2025.

7.  Plaintiff was one of only a few Black drivers out of a total of around 50 drivers.

8.  On multiple occasions while Plaintiff was employed by Defendant, another employee called Plaintiff the "N" word on multiple occasions.  Plaintiff reported this to the fleet manager, who laughed it off and said, "Nah, we're not racist around here."  No corrective action was taken.

9.  In accordance with this racial animus, Defendant treated Plaintiff and other Black drivers differently than it treated the white drivers.

10.  More specifically, Defendant allowed the white delivery drivers to drink and do drugs while on the job. Despite the obvious danger to the public, Defendant did not terminate or discipline those employees. The fleet manager would say, "I don't care what you do, as long as the produce gets there." On the other hand, a Black driver would be disciplined or fired for even the slightest

infraction or for no reason.

11.   On or about May 23, 2025, the fleet manager informed Plaintiff that he was being fired because of an interaction he had with a manager at a Waffle House when she complained about a delivery Plaintiff made to her store. The manager in question was known to be difficult, and she had previously complained in a similar manner about two other white deliver drivers who delivered to her store.  Rather than fire those white drivers, however, Defendant just moved them to other routes.

12.   The reasons provided by Defendant for Plaintiff's termination were not legitimate and were a mere pretext for discrimination.  Defendant had no legitimate, non-discriminatory reason for the termination.

13.   After Plaintiff was fired, Defendant replaced him with a white driver.

### Violations of Title VII—Race Discrimination

14.   Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-13 above.

15.   Defendant's conduct as described above constitutes race discrimination, based on Plaintiff's race as a Black male, in violation of 42 U.S.C. § 2000e-2(a)(1) and (2).

16.   More specifically, based on Plaintiff's race, Defendant discriminated against Plaintiff with respect to his terms, conditions, and privileges of

employment; limited, segregated, and classified Plaintiff in a manner that deprived him of employment opportunities and adversely affected his status as an employee; and terminated his employment.

17.    By replacing Plaintiff with a white driver, there is a presumption of race discrimination in violation of Title VII.

18.    As a result of Defendant's violations of Title VII, Plaintiff sustained and is entitled to recover substantial economic damages, including back pay, front pay, and loss of benefits.

19.    As a result of Defendant's violations of Title VII, Plaintiff sustained and is entitled to recover compensatory damages, including damages for emotional distress, mental anguish, embarrassment, humiliation, and loss of enjoyment of life.

20.    Defendant's discrimination in violation of Title VII was malicious and intentional, or in reckless disregard for Plaintiff's legal rights, entitling Plaintiff to punitive damages.

21.    Plaintiff is entitled to an award of statutory attorneys' fees and costs pursuant to Title VII.

## Violations of Title VII—Retaliation

22.    Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-21 above.

4

23. Defendant retaliated against Plaintiff for opposing an unlawful employment practice in violation of Title VII, and specifically 42 U.S.C. § 2000e-3(a).

24. More specifically, rather than taking corrective action in response to Plaintiff's complaints about race discrimination, Defendant retaliated against Plaintiff by terminating his employment shortly after he complained about discrimination.

25. As a result of Defendant's retaliation in violation of Title VII, Plaintiff sustained and is entitled to recover substantial economic damages, including back pay, front pay, and loss of benefits.

26. As a result of Defendant's retaliation in violation of Title VII, Plaintiff sustained and is entitled to recover compensatory damages, including damages for emotional distress, mental anguish, embarrassment, humiliation, and loss of enjoyment of life.

27. Defendant's retaliation in violation of Title VII was malicious and intentional, or in reckless disregard for Plaintiff's legal rights, entitling Plaintiff to punitive damages.

## **Exhaustion of Administrative Remedies**

28. On February 25, 2025, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC)

against Defendant for race discrimination and retaliation in violation of Title VII.

29.    On June 10, 2025, the EEOC issued a dismissal and notice of right to sue for Plaintiff's charge of discrimination against Defendant.

### Prayer for Relief

WHEREFORE, Plaintiff prays for a judgment against Defendant that includes the following:

(a)  lost wages and benefits, including back pay and front pay;

(b)   compensatory damages, including damages for emotional distress, mental anguish, embarrassment and humiliation, and loss of enjoyment of life;

(c)  punitive damages;

(d)  interest;

(e)  attorneys' fees and costs; and

(f)  all further legal and equitable relief to which he may be entitled.

Plaintiff further demands a jury to try the issues when joined.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr.1 (GA 387630)
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff

7